UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22CR00059AGF |
| | ) | |
| BRANDON PRICE, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

This matter is before the Court on Defendant Brandon Price's Motion to Suppress Evidence.  (Doc. No. 25).  Defendant is charged by indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 844(a), with enhancement under 21 U.S.C § 844(c).  The charges arose from a traffic stop that occurred just before midnight on April 2, 2022.  Pursuant to 28 U.S.C. § 636(b), the motions were referred to United States Magistrate Judge Abbie Crites-Leoni.

Defendant filed a motion to suppress evidence, asserting that the officer did not have reasonable suspicion or probable cause to believe Defendant committed a traffic violation.  He further asserts that anything seized from the vehicle should be suppressed as "the poisonous fruit from the unconstitutional act."  (Doc. No. 25, at 5-6).  An evidentiary hearing was held on October 25, 2022, at which the government presented the testimony of Cape Girardeau Police Department Patrolman Gabriel Yoder, and

Defendant presented the testimony of his girlfriend, Amanda Headrick, who took a photograph of the vehicle after it had been impounded.  Both witnesses were subject to cross-examination.  Following the hearing and the filing of a transcript, the parties submitted post-hearing briefs.  On April 13, 2023, Magistrate Judge Crites-Leoni issued a Report and Recommendation ("R&R"), recommending that the motion to suppress evidence be denied.  (Doc. No. 41).  Defendant has not filed objections to the R&R, and the time to do so has passed.

After careful consideration, and in light of Defendant's failure to file objections, the Court will adopt and sustain the thorough reasoning of the Magistrate Judge set forth in support of her R&R.  The Court agrees that the officer had probable cause to stop the vehicle for a traffic violation, namely, driving the vehicle without the temporary tag being properly illuminated.  He thereafter had probable cause to search the vehicle for the reasons set forth in the R&R, including detecting the odor of marijuana.  Inasmuch as there was no violation related to the stop or the search of the vehicle, there is no basis to suppress any evidence seized as the "poisonous fruit" of any unlawful conduct.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [Doc. No. 41] is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that this matter remains scheduled for a Jury Trial on **Tuesday, June 20, 2023 at 9:00 a.m.**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of May, 2023.